United States District Court
Southern District of Texas

**ENTERED**
December 14, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

CASE No.

## ORDER GRANTING TATIANA AKHMEDOVA'S
## APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

This matter comes before the Court by an application for discovery pursuant to 28 U.S.C. § 1782 (the "**Application**") filed by Tatiana Akhmedova ("**Applicant**"). Having reviewed the Application and Applicant's supporting memorandum of law, the declaration of James H. Power, dated December 11, 2018, as well as the exhibits thereto, the Court is satisfied that the production of documentation is warranted pursuant to 28 U.S.C. § 1782, and the Court hereby ORDERS as follows:

1) The Application is GRANTED.

2) Applicant is authorized to issue and serve subpoenas on Lloyd's Register North America, Inc. and Lloyd's Register Quality Assurance, Inc. ("**Lloyd's Register**"), for the production of the following documents:

   a) All documents in the possession and control of Lloyd's Register concerning arrangements to move the Vessel within or outside of Port Rashid, Dubai since its arrest in February

2018, including but not limited to any communications between Lloyd's Register and any of its affiliates Farkhad or his agents, Straight Establishment or its agents, the master of the Vessel or any third parties;

b) All documents in the possession and control of Lloyd's Register concerning efforts being undertaken to maintain the Vessel while it is under arrest in Dubai since February 2018, including but not limited to any communications between Y. CO. and Farkhad or his agents, Straight Establishment or its agents, the master of the Vessel or any third parties;

c) All documents in the possession of Lloyd's Register regarding the Vessel's port visit to South Florida in 2016 and 2017 including but not limited to emails with the Vessel and her crew, invoices regarding services performed including surveyors or inspections for the Vessel during its stay in South Florida, documents and correspondence from the Vessel's representative to Lloyd's Register regarding the transfer of ownership of the Vessel from Avenger Assets to Stern Management Corp., from Stern Management Corp. to Qubo 2 Establishment, from Qubo 2 Establishment to Straight Establishment;

d) All documents in the possession of Lloyd's Register concerning arrangements to move the Vessel within or outside of Port Rashid, Dubai since its arrest in February 2018, including but not limited to any communications between Lloyd's Register and any of its worldwide subsidiaries or affiliates and Farkhad or his agents, Straight Establishment or its agents, the master of the Vessel or any third parties .

e) All documents in the possession or control of Lloyd's Register concerning any request for a tow certificate and any request to review and/or approve a tow plan for the Vessel including any correspondence between Lloyd's Register and the Vessel insurance company beginning January 1, 2016 to present.

    f) All class and statutory surveys, certificates for the Vessel, machinery, or equipment, records, correspondence between Lloyd's Register and the vessel's representative, invoices for services performed for the LUNA from January 1, 2016 to present.

3) Lloyd's Register shall produce the documents requested in their respective subpoenas on an expedited basis, within seven (7) days of service of the subpoena.

4) Lloyd's Register shall preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of the Applicant's document request.

5) Notice of the discovery authorized by this Order need not be provided to any of the individuals named as a party in the foreign proceedings until such time as emergency relief is sought in the foreign proceedings based on the information obtained pursuant to this Order.

6) Lloyd's Register shall maintain the confidentiality of the fact and content of the Applicant's discovery efforts, except as necessary to seek advice of counsel, who are to be similarly restrained.

7) The Court shall retain jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Applicant.

8) A copy of this Order shall be served with each discovery demand.

SO ORDERED

Dated: Houston, Texas
      December 14, 2018

_____
UNITED STATES MAGISTRATE JUDGE